NORA PENDERGAST, APPELLEE, V. ROYAL HIGHLANDERS, APPELLANT.

FILED OCTOBER 21, 1911.   No. 16,833.

Insurance: BENEFIT INSURANCE: ENGAGING IN PROHIBITED OCCUPATION: WAIVER. Where a member of a fraternal beneficiary association forfeits his right to participate in the benefit funds of the fraternity by engaging in a prohibited occupation, assurer does not assume the hazards thereof by accepting dues upon the condition that the insurance, if restored, shall extend only to the risks originally assumed.

APPEAL from the district court for Clay county: LESLIE G. HURD, JUDGE. *Reversed.*

*Hainer & Smith,* for appellant.

*L. B. Stiner* and *A. C. Epperson, contra.*

ROSE, J.

This is a suit on a 1,000-dollar fraternal beneficiary certificate issued by defendant January 9, 1904. Emmet Pendergast was the assured. His mother was the beneficiary and is plaintiff herein. From a judgment in her favor for her claim and interest, amounting in all to $1,100.50, defendant has appealed.

The answer of defendant contains a plea that assured, who was a farmer when admitted to membership, afterward entered the prohibited occupation of railroad brakeman, was killed as a result of such employment, and that in consequence defendant's liability on assured's certificate was extinguished according to its own terms. In reply to this defense a waiver was pleaded; plaintiff alleging that, after assured became a brakeman, defendant, with full knowledge that he had thus changed his occupation, continued to accept the monthly assessments or dues which, according to the laws of the fraternity, he was required to pay to keep his insurance in force.

The sufficiency of the evidence to establish the waiver pleaded is assailed by defendant, but there is now no controversy over other facts. When assured made his application and received his certificate, he was a farmer. The edicts or laws in force during the entire period of his membership included railroad brakemen in the list of prohibited occupations, and provided that a member by engaging therein terminated his membership and his right to participate in defendant's benefit funds. In the oral argument it was conceded by counsel for plaintiff that the edicts were binding on assured and his beneficiary. Assured, nevertheless, when he was a member, became a railroad brakeman October 9, 1908, was struck by a train December 19, 1908, when so employed, and died a few hours later. To establish the waiver pleaded, plaintiff called as a witness assured's brother, who testified in substance: William Reuter was secretary and treasurer of the local castle of which assured was a member. Late in November, or early in December, 1908, witness paid assured's dues to Reuter, but before doing so told him that assured was in the railroad service, that his policy was not in force, that his dues should not be paid, and that the secretary should not take the dues. The same witness also testified that during the conversation the secretary said he thought assured would quit railroading in a few days, that his dues in that event would be good, and were accepted on that plan. There is nothing in the record to change the import of this evidence. It thus appears that assured's brother, when he paid the dues, understood that the insurance did not include the hazards of the prohibited employment. That it was extended thereto by the acceptance of the dues or by the statements of the secretary is clearly refuted by the testimony mentioned. The conditions under which the payment was accepted limited the insurance to the risks originally assumed, and protected assured to that extent only. Beyond that any waiver proved did not go. In this view of the proofs, the waiver pleaded in plaintiff's reply has not been established.

There is no other foundation for the judgment, and therefore it is not supported by the evidence. For this reason, it is reversed and the cause remanded for further proceedings.

REVERSED.